Pauline Ross and H. Justin Ross, her husband, Plaintiffs *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Defendant.

Argued December 8, 1977, before Judges Crumlish, Jr., Mencer and Blatt, sitting as a panel of three.

*Thomas B. Rutter*, with him *Lawrence M. Silverman*, for plaintiffs.

*J. Leonard Langan*, Assistant Attorney General, with him *Guy J. DePasquale,* Chief Counsel, and *Robert P. Kane*, Attorney General, for defendants.

Opinion by Judge Crumlish, Jr., May 22, 1978:

Pauline Ross and H. Justin Ross (Plaintiffs) have filed a complaint in this Court's original jurisdiction against the Pennsylvania Liquor Control Board (Board) resulting from an injury which is alleged to have occurred in a state liquor store operated and managed by the Board. The Board responded by way of preliminary objections asserting that it is immune from suit due to the doctrine of sovereign immunity. Plaintiffs concede that under the present state of laws

this action would be barred by the doctrine of sovereign immunity, but they ask this Court to overrule the doctrine.

Despite Plaintiffs' well-reasoned argument to the contrary, we sustain the Board's preliminary objections and dismiss the complaint. Within the last several years, our Supreme Court has affirmed the sovereign immunity doctrine on numerous occasions[1] and is at the time of this writing considering other appeals from the doctrine's application. While this Court is not in unanimous agreement on this important issue (see, e.g., the writer's Concurring and Dissenting Opinion in Freach v. Commonwealth, 23 Pa. Commonwealth Ct. 546, 553, 354 A.2d 908, 912 (1976)), until such time as the Supreme Court or the Legislature chooses to abolish or modify this doctrine, this Court has no choice but to continue to apply it.[2]

Accordingly, we

## ORDER

AND NOW, this 22nd day of May, 1978, the preliminary objections of the Pennsylvania Liquor Control Board are sustained and the complaint of Pauline Ross and H. Justin Ross, her husband, is dismissed.

---

[1] See e.g., Freach v. Commonwealth, 471 Pa. 558, 370 A.2d 1163 (1977) ; Biello v. Pennsylvania Liquor Control Board, 454 Pa. 179, 301 A.2d 849 (1973).

[2] See Jones v. Packel, 20 Pa. Commonwealth Ct. 606, 609, 342 A.2d 434, 436 (1975) :

[P]laintiff requests this Court to strike down sovereign immunity from the body of Pennsylvania law. Even assuming we were so disposed, we have repeatedly held that, as an inferior appellate court, we are bound by pronouncements of our Supreme Court. The Supreme Court has consistently reaffirmed the vitality of sovereign immunity, and has determined that the discretion to effectuate change in this area lies not with the judiciary, but with the legislature. (Footnote omitted.)